UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. CR 19-184 (JRT/DTS)

UNITED STATES OF AMERICA,

Plaintiff,

vs.

RYAN THOMAS FEINE,

Defendant.

**DEFENDANT'S POSITION ON SENTENCING**

Defendant Ryan Thomas Feine, through undersigned counsel, hereby submits his position regarding sentencing. Mr. Feine promptly pled guilty and accepted responsibility for his conduct after he was indicted, and is greatly ashamed and remorseful. He has no prior criminal convictions. A comprehensive forensic psychological and psychosexual evaluation concludes that Mr. Feine presents a low risk of recidivism and is amenable to treatment. The stratospheric sentences indicated by the advisory sentencing guidelines (life) or the statutory maximum (60 years), or the sentence requested by the prosecution (50 years)[1] are all far greater than necessary to achieve the purposes set under 18 U.S.C. § 3553(a) and fail to provide a just resolution. Mr. Feine recognizes the gravity of his offenses but given his lack of criminal history and amenability to treatment he should

[1] Undersigned counsel observes that the government is now recommending 540 months or 45 years in its position pleading. The government's specific arguments will be addressed in a subsequent reply position pleading.

eventually be given a chance for freedom and to lead a constructive life in the community. The statutory minimum sentence (15 years) is closer to an appropriate sentence.

Mr. Feine also requests that his sentence be structured so as to be concurrent with any state criminal sentence arising out of the same conduct and to provide credit for the time that he has spent in custody on for his conduct underlying the offense since his original arrest by state authorities in August, 2018.

## I. APPLICABLE § 3553(a) FACTORS WARRANT A SENTENCE SUBSTANTIALLY BELOW THE ADVISORY SENTENCING GUIDELINES, STATUTORY MAXIMUM OR THE PROSECUTION'S REQUEST.

The sentencing guidelines are astronomical. The outrage at sex offenses involving children is understandable. However, the guidelines and the high sentences pushed in these cases do not appear to be driven by rational thinking and lack an empirical basis. As federal appeals courts have observed, the Guidelines pertaining to child pornography are

> fundamentally different from most and that, unless applied with great care, can lead to unreasonable sentences that are inconsistent with what § 3553 requires. Sentencing Guidelines are typically developed by the Sentencing Commission using an empirical approach based on data about past sentencing practices. See Rita v. U.S., 551 U.S. 338, 349, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). However, the Commission did not use this empirical approach in formulating the Guidelines for child pornography. Instead, at the direction of Congress, the Sentencing Commission has amended the Guidelines under § 2G2.2 several times since their introduction in 1987, each time recommending harsher penalties. See United States Sentencing Commission, The History of the Child Pornography Guidelines, Oct. 2009, available at

> http://www.ussc.gov/general/20091030_History_Child_Pornography_Guidelines.pdf.[2]

United States v. Dorvee, 616 F.3d 174, 184 (2d Cir. 2010). Other courts have recognized the Guidelines on child pornography are entitled to less deference than other Guidelines that are empirically based and have accordingly departed downward. See United States v. Baird, 580 F. Supp. 2d 889, 895 (D. Neb. 2008); United States v. McElheney, 630 F. Supp. 2d 886, 901-02 (E.D. Tenn. 2009). In the instant case, Mr. Feine requests a downward variance.

The mandatory minimum sentence already provides harsh punishment, and even a substantial increase above that sentence is far lower than the guidelines or the government's recommendation. Mr. Feine has admittedly committed egregious acts and will be facing harsh punishment. At the same time, there is no basis to believe that he cannot be treated and recidivism cannot be prevented. The applicable "reasonableness" factors set forth in 18 U.S.C. § 3553(a) support a lower sentence. The sentencing guidelines are merely advisory under Booker, and sentencing is based on factors set forth under 18 U.S.C. § 3553(a), which provides that "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." After calculating the guidelines, a district court "may not presume that the Guidelines range is reasonable" but must make an independent

---

[2] Although this decision discusses U.S.S.G. § 2G2.2 and the instant case applies § 2G2.1 the latter Guidelines are substantially higher and are similarly driven by political considerations rather than empirical data and analysis.

assessment of the 18 U.S.C. § 3553(a) factors based on the individual facts of the case. Gall v. United States, 128 S.Ct. 586, 597 (2007). Incarceration of Mr. Feine for period of time substantially longer than the statutory mandatory mininum is greater than necessary to achieve the factors set forth in § 3553(a).

Section 3553(a) sets forth the following factors that must be considered by a sentencing court in imposing every sentence:

> *(1) the nature and circumstances of the offense and the history and characteristics of the defendant;*

As stated above, and in the PSR and psychological evaluation, Mr. Feine is horrified and enormously ashamed by what he has done. He promptly pled guilty to two offenses knowing that he would face a mandatory minimum sentence of 15 years and could face up to 60 years. This is also Mr. Feine's first criminal conviction of any sort. He has otherwise been a law abiding and productive citizen.

Mr. Feine has worked continuously since he was in high school. Following high school, he has always had at least one full time job. For four years preceding his arrest, Mr. Feine had a responsible and skilled job as an operations team leader for a company manufacturing composite materials. The psychological evaluation documents that Mr. Feine is a highly intelligent person who has underachieved in life.

Mr. Feine has always maintained close and healthy relationships with his parents and sister, all of whom speak very positively of Mr. Feine, explaining that he has always been a caring and conscientious person who has led a good life. (PSR, paras. 59-63; psych

report, pages 16-17). The psychological report also documents an interview with Mr. Feine's friend and former girlfriend whom he has known since they were twelve, where she describes Mr. Feine as a caring, generous and supportive person. (Psych Report at 17-18).

While Mr. Feine does not in any way seek to minimize the egregiousness of his actions and their negative affect on his children, he was a responsible and committed parent in other respects. Mr. Feine's statement to the probation officer that he loves his children (PSR, para. 16) should be accepted as truthful.

Outside of his crimes, Mr. Feine has been a good person in other aspects of his life and his dealings with others. The extensive and thorough psychological evaluation supports a conclusion that Mr. Feine can be treated and rehabilitated, and eventually lead a productive and law abiding life in all respects. The psychologist, Dr. Peter Marston's extensive testing of Mr. Feine using recognized diagnostic tools led to a conclusion that Mr. Feine presents a below average risk of being charged or convicted of another sexual offense, with a five year recidivism rate of about 5 percent. (Psych Report at 4-7; cited in PSR, para. 68). Dr. Marston indicated that Mr. Feine is likely to be successful in treatment based on his willingness to undergo treatment, his high intelligence, and findings the children are not his primary sexual attraction which makes his behaviors easier to undo.

Although Mr. Feine's criminal conduct is severe, his lack of prior criminal history and otherwise positive life, and his amenability to treatment all justify a sentence that gives him a second chance to live his life rather than staying in prison for the remainder of his life or until he is elderly.

*(2) the need for the sentence imposed–*

> *(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;*
>
> *(B) to afford adequate deterrence to criminal conduct;*
>
> *(C) to protect the public from further crimes of the defendant; and*
>
> *(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;*

A sentence near the statutory mandatory minimum rather than the sentence requested by the government would harsh punishment that reflects the seriousness of the offense, and would be sufficient to deter others from similar crimes and protect others from Mr. Feine. The mandatory minimum sentence also provides far more time than is needed to provide Mr. Feine with sex offender treatment and enable him to undertake further educational training if even available in prison. Merely warehousing Mr. Feine in a federal penitentiary for the remainder of his life or until he is too old to build a substantial life will serve no constructive purpose for society as well as for Mr. Feine. There is no indication that he cannot be supervised in the community so that he can lead a

productive life with assurance that Mr. Feine does not re-offend. Any sentence above the mandatory minimum will be a harsh punishment. A sentence substantially above the mandatory minimum will not serve any further useful purpose.

*(3) the kinds of sentences available;*

The applicable statue requires a prison sentence. There also options and resources available on supervised release to ensure that Mr. Feine does not re-offend and thereby make in preferable not to keep Mr. Feine in prison longer than statutorily required or necessary.

*(4) the kinds of sentence and the sentencing range established for–*

> *(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .*

The sentencing guidelines are advisory and in this case longer than the statutory maximum. For reasons stated above, a sentencing approach that puts aside both the guidelines, statutory maximum and government's recommendation is appropriate.

*(5) any pertinent policy statement under the Sentencing Guidelines*

No policy statements are known that are specifically pertinent to this case.

*(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and*

It is unknown whether persons found guilty of similar conduct have received greater or lessor sentences than Mr. Feine is proposing. In a recent case in this district

involving child pornography and child sex abuse where the advisory sentencing guidelines called for life imprisonment, the Court sentenced the defendant to 300 months. United States v. Wilson, 17-CR-89 (SRN/LIB).

*(7) the need to provide restitution to any victims of the offense.*

Mr. Feine has agreed to pay any appropriate restitution, which will be at least $6000. He will be in a better position to pay restitution if he is outside of prison where he can obtain gainful employment.

**II. MR. FEINE SHOULD RECEIVE CREDIT FOR ALL TIME SPENT IN CUSTODY.**

As of the date of sentencing, Mr. Feine will have been incarcerated for almost 18 months in connection with the conduct underlying this case but will not receive *any* credit absent explicit action by the Court. He was arrested on August 9, 2018 on state charges of sexual assault that constitute the same conduct as Count 1 of the Indictment. For the first eleven months, Mr. Feine was in state custody. Since late July, 2019, Mr. Feine has been in U.S. Marshal custody pursuant to a writ. Mr. Feine is entitled to credit for all of the time he has been in custody for conduct underlying this case.

The PSR cites 18 U.S.C. § 3585(b) for the proposition that prior custody credit cannot be granted if the defendant has received credit towards another sentence. This does not appear to be a correct statement of that statute which requires that credit be given towards pre-sentence detention that has not been credited against another sentence, but does not contain any prohibition against a court exercising its discretion to credit time

served in custody for two different offenses. This provision is also not applicable because Mr. Feine has not been given credit towards any other sentence, as he is not currently serving any sentence and his pending state cases will not have dispositions prior to his sentencing in this case.

The PSR notes that Mr. Feine is also facing a state charge for conduct with the same victim that is not related to the charges in the indictment and the disposition of that case is unknown. That does not change the undisputed fact that Mr. Feine was originally arrested and has continuously remained in custody for the same conduct addressed in Count 1 in of the Indictment.

U.S.S.G. § 5G1.3( c) provides that where " a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . . the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." It is therefore important for the Court to recognize that any time that Mr. Feine has spent or will spend in custody for the underlying relevant conduct should be credited towards his federal sentence. To the extent that the time already spent in custody or to be spent in custody will not be credited by the Bureau of Prisons, the Court, after imposing its sentence, should adjust the sentence downward for all time spent in custody for the underlying conduct and note the time to be credited in the Judgement. See U.S.S.G. § 5G1.3, Application Note 2( C).

## CONCLUSION

For the foregoing reasons, Mr. Feine respectfully requests that the Court exercise its discretion in imposing a sentence independent of the advisory guidelines and the prosecution's request, which will still be a long sentence but give Mr. Feine a chance of a life outside of prison. The purposes of 18 U.S.C. Section 3553(a), fairness, the ends of justice, and the safety of the community are best served if the Court looks to the mandatory minimum sentence of 15 years as its guidepost, which means harsh punishment while providing ample time for necessary treatment and rehabilitation. The Court should further impose its sentence in a manner the ensures that Mr. Feine receives credit for all of his time in custody since his arrest on August 9, 2018 for the conduct relating to his offense.

Dated: January 17, 2020

LAW OFFICE OF JORDAN S. KUSHNER

By s/Jordan S. Kushner

Jordan S. Kushner, ID 219307
Attorney for Defendant
431 South 7th Street, Suite 2446
Minneapolis, Minnesota 55415
(612) 288-0545