## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## Criminal Case No. CR-19-184 (JRT/DTS)

**UNITED STATES OF AMERICA**
      **Plaintiff,**                    **DEFENDANT'S**

**v.**                                   **MOTION TO CORRECT**

                                     **SENTENCE PURSUANT TO**

**RYAN THOMAS FEINE,**                 **F.R.Cr.P. 36**
      **Defendant.**

Defendant, Ryan Thomas Feine, by and through his attorney, Virginia G. Villa, requests that the Court correct the sentence imposed on February 3, 2020 based on the following:

1) Ryan Thomas Feine pled guilty to 2 counts of the production and attempted production of child pornography in violation of 18 U.S.C. § 2251(a) and (e), which carried the statutory penalties of 15-30 years imprisonment;

2) Count 1 involved Minor A and Count 2 involved Minor B;

3) The Court imposed sentence on February 3, 2020;

4) The sentence consisted of a term of imprisonment of 456 months, which was a downward variance from the Guideline range and consisted of 360 months on each of Counts 1 (relating to Minor A) and Count 2 (relating to Minor B) with all but 96 months of the sentence imposed on Count 2 to be served concurrently to that of Count 1;

5) At that time, Defendant had several cases pending in Minnesota state courts, see PSR (DE 39) at ¶¶ 52-53; PSR (DE 61) at ¶ 50;

6) The Court declined to decide whether to run the federal sentences concurrently or consecutively to the pending state court cases, indicating that if the Court's understanding of how the rules worked was incorrect, it could be raised at a later date, Sentencing Transcript (DE 85) at 34-35;

7) Based on information provided by Senior U.S. Probation Officer Leah Heino, Defendant appeared in the District Court for the Third Judicial District, Winona County, Minnesota on 85-CR-18-1616, on July 27, 2020, (the case identified in the PSR (DE 39) ¶ 52 as being "comprised of the underlying sexual contact with Minor A in the instant offense") and was sentenced to thirty (30) years, twenty (20) of which would be served in prison and ten (10) on supervised release, with credit for time served from August 9, 2018 (date of initial arrest) to the date of sentencing;

8) Additional information obtained by Senior Probation Officer Heino indicates that more conduct than the underlying sexual contact with Minor A in Count 1 was punished by the State Court in State v. Feine, 85-CR-18-1616, in that the time frame exceeds the date of the production of the image underlying the offense charged in Count 1;

9)  Based on information provided by Senior U.S. Probation Officer Leah Heino, the remaining two cases identified in PSR (DE 39) at ¶ 53 and PSR (DE 61) at ¶ 50 were dismissed;

10) Based on the absence of a recommendation by this Court for his federal sentence to be served either concurrently or consecutively to the sentence imposed in State v. Feine, 85-CR-18-1616, the 456 month aggregate federal sentences will be served consecutively to the term of imprisonment imposed in the state case pursuant to 18 U.S.C. § 3584(a), see *Elwell v. Fisher*, 716 F.3d 477 (8th Cir. 2013)(noting that *Setser* does not alter the BOP's determination that 18 U.S.C. § 3584(a) requires a federal sentence to run consecutively to a state sentence, even one that did not exist at the time of the federal sentencing, where the sentencing judge remains silent as to the concurrency issue);

11) Mr. Feine believes that the offense to which he pled guilty and was sentenced in State v. Feine, 85-CR-18-1616, which charged Criminal Sexual Conduct as to Minor A from 2013 to 2015, fully contains the underlying sexual conduct and other factors used to impose four of the specific offense characteristics contained in the PSR, DE 61, page 5, (the minor was less than 12 (+4)(the complaint in -1616 alleges the victim was under the age of 10), the offense involved a sexual act (+2)(the complaint in -1616 alleges sexual penetration),

the offense involved sadistic conduct (+4)(specific conduct alleged in the 1616 complaint satisfies the definition of sadistic conduct), and the defendant was a relative (+2)(the -1616 complaint alleges that the victim was a family member) and thus conduct fully encompassed by the state complaint and conviction constitutes relevant conduct within the meaning of U.S.S.G. § 1B1.3(a)(1)(A)(" Unless otherwise specified, … (ii) specific offense characteristics … shall be determined on the basis of the following: (1) (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant … that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense"), even though the state court conviction also involves a greater universe of conduct than described in § 1B1.3 [as the Earth is part of the Solar System, but it is not the only part];

12) At the time of Defendant's sentencing on February 3, 2020, U.S.S.G. § 5G1.3(c) (2018) provided: "If subsection (a) does not apply, and a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the

sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment";

13) The Court refrained from making a decision that the federal sentence would run either concurrently or consecutively on February 3, 2020;

14) If Defendant had appeared for his federal sentencing after July 27, 2020, it is Defendant's position that the provision of U.S.S.G. § 5G1.3(b), which provides "If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:  (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment" would have applied;

15) This Court has previously determined that it can revisit concurrency issues via a Rule 36 motion, see *United States v. Galceran*, 2008 WL 4104696 (D. Minn. August 29, 2008), and the Government proposed that this would be an

appropriate avenue of relief for Mr. Feine, see Government's Response to

2255, [DE 101] at 8;

16)  It is Defendant's position that reconsideration of whether to run Defendant's

sentence fully or partially concurrent or consecutive to the state sentence

would be in the overall interests of justice and that doing so pursuant to Rule

36 would be appropriate under the individual circumstances of this case;

17)  It is Defendant's position that, based on the provisions of U.S.S.G. § 5G1.3,

the Court should correct Defendant's aggregated 458 month federal sentence

to run concurrently to the sentence imposed in State v. Feine, 85-CR-18-

1616, nunc pro tunc to the date of February 3, 2020;

18)  It is Defendant's position that the Court should indicate on the corrected

judgment that it is not giving a reduction for the time served between

Defendant's arrest by State authorities on August 9, 2018 and February 3,

2020;

19)  It is Defendant's understanding from information provided by Senior

Probation Officer Leah Heino and from independent research that, where the

District Court imposes a concurrent sentence, but does not grant a reduction

for time spent in custody prior to sentencing where the defendant is in

primary state custody, the Bureau of Prisons may grant an effectual benefit

equal to this time period pursuant to the decisions in *Willis v. United States*,

438 F.2d 923 (5ᵗʰ Cir. 1971) and *Kayfez v. Gasele*, 993 F.2d 1288 (7ᵗʰ Cir. 1993);

20) The parties have met and conferred regarding this motion on numerous occasions and, because the Court indicated at the sentencing hearing that it would be open to revisiting the concurrency issue depending on the outcome of the Defendant's state proceedings, and because the Defendant's ultimate sentence is firmly within the providence of the Court, the government defers to the Court's discretion regarding the resolution of the Defendant's current motion.

For the foregoing reasons, Defendant requests that the Court grant the Motion to Correct Sentence pursuant to F.R.Cr.P. 36 and enter a Corrected Judgment that

a) Indicates on Page 1 that it is a Corrected Judgment, nunc pro tunc to February 3, 2020;

b) Amends the first paragraph of Page 2 of the Judgment to read "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

456 months total; 360 month(s) as to count 1; 360 month(s) as to count 2 – 264 months to run concurrent to Count 1 and 96 months to run consecutive to Count 1, *and Counts 1 and 2 to run fully concurrently*

*with the sentence imposed on July 27, 2020 in State v. Feine, 85-cr-18-1616*

*(3rd Judicial District, Winona, Minnesota)*";

c) Amends the second paragraph of Page 2 of the Judgment to omit the current language and to substitute, "*The aggregate 456-month federal sentence has not been reduced to account for time spent in custody prior to the sentence imposed by this Corrected Judgment, nunc pro tunc to February 3, 2020.*"

Respectfully submitted,                         */s/ Virginia G. Villa*

Virginia G. Villa,
Bar No. 0209478
2689 230th Avenue
St. Croix Falls, WI 54024
(207) 745-6156
Villa_Virginia@hotmail.com
Attorney for Defendant Ryan Feine

Dated: April 14, 2022